The principle assumed by the counsel in the court below, that the master may sell and deliver corn by the hands of his slave, he (the master) being present and directing it, is too plain to admit of contradiction; but this is not the case presented upon the record.
The master was, indeed, within view of the transaction between his slave and the defendant; but there is no evidence that either defendant or the slave knew of his being there; much less is there any evidence that the master authorized the act. All the case states, bearing upon this *Page 288 
point, is that the master followed the slave because he suspected that he was going to trade with the defendant, and was in view of the trading when it occurred.
The delivery of the corn was made in the night-time, by the slave, upon a private interview procured by unusual signals, and may be presumed, under the circumstances, to have been on the slave's own account, unless the contrary appear. Such a delivery, without a written permission, is against the criminal law, although the owner or manager was cognizant of it and consenting to it. This is decided in S. v. Hart, 26 N.C. 246, and is now approved.
Without impugning, therefore, the position that a slave may lawfully, without a written license, deliver corn in his master's name and on his master's account, provided his master constitutes him his agent for such purpose, and it so appears on the proofs; yet it is clear that all other trading with or acceptance from a slave of corn or other forbidden article, without permission in writing, is unlawful.
The point, then, presented is whether a delivery of corn by a slave, on his own (the slave's) account, the owner being present and observing the transaction, but giving no permission in writing, is a (448) violation of the criminal law. The judge below instructed the jury it was, and in this we concur.
PER CURIAM. No error.